**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| JERMEAL WHITE,<br>        Plaintiff, | Case No. 1:19-cv-1007 |
| | Dlott, J. |
| vs. | Bowman, M.J. |
| WARDEN R. ERDOS, et. al,<br>        Defendants. | **ORDER AND REPORT**<br>**AND RECOMMENDATION** |

Plaintiff, a prisoner at the Southern Ohio Correctional Facility (SOCF), has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 against defendants Warden R. Erdos, Unit Manager Chief Cynthia Davis, and Correction Officers John Does 1-2.  By separate Order, plaintiff has been granted leave to proceed *in forma pauperis*.  This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).  To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious.  *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).  A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke v.*

*Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286

(1986)).  Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  *Id.* at 557.  The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Erickson*, 551 U.S. at 93 (citations omitted).

In the complaint, plaintiff claims that on August 17, 2019, while in the K-2 unit, two unidentified correctional officer defendants dislocated his right elbow.  (Doc. 1 at PageID 6). Plaintiff alleges that the force was used against him for no reason and that it remains difficult for him to move his arm.  Plaintiff further alleges that he sent a complaint to defendant Warden Erdos on August 18, 2019 and unsuccessfully appealed through the grievance process.  (*Id.* at PageID 7–8).  Plaintiff claims that defendant Davis was aware that it was not safe for plaintiff to be on the K-2 unit based on prior incidents[1] and that she ignored his requests to be moved prior to the incident.  (*Id.* at PageID 8–9).

Plaintiff seeks injunctive relief and monetary damages.  (*Id.* at PageID 31).

At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that plaintiff may proceed with his Eighth Amendment claims against defendants Davis and the unidentified John Doe officers in their individual capacities.  Plaintiff's remaining claims should be dismissed.  *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

---

1 Plaintiff also claims that he has a pending lawsuit in Case No. 1:19-cv-33 regarding "a serious incident on that unit." (Doc. 1 at PageID 9).

First, the complaint should be dismissed as to all defendants in their official capacities to the extent that plaintiff seeks monetary damages. Absent an express waiver, a state is immune from damage suits under the Eleventh Amendment. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139 (1993); *Edelman v. Jordan*, 415 U.S. 651 (1974). The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *See Johns v. Supreme Court of Ohio*, 753 F.2d 524 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449 (6th Cir. 1982). The Eleventh Amendment bar extends to actions where the state is not a named party, but where the action is essentially one for the recovery of money from the state. *Edelman*, 415 U.S. at 663; *Ford Motor Company v. Dept. of Treasury*, 323 U.S. 459, 464 (1945). A suit against defendants in their official capacities would, in reality, be a way of pleading the action against the entity of which defendants are agents. *Monell*, 436 U.S. at 690. Thus, actions against state officials in their official capacities are included in this bar. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989); *Scheuer v. Rhodes*, 416 U.S. 232 (1974). *See also Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver." (citation and ellipsis omitted)). Therefore, all of the named defendants are immune from suit in their official capacities to the extent that plaintiff seeks monetary damages.

The complaint should also be dismissed against defendant Warden Erdos. Plaintiff claims that as warden Erdos is legally responsible for the operation of SOCF and the welfare of all inmates. (*See* Doc. 1 at PageID 3). He further alleges that Erdos did not address his concerns following the incident. (*Id.* at PageID 9). However, to the extent that plaintiff seeks to hold

defendant Erdos liable based on his supervisory position, his claims rest on a theory of

*respondeat superior*, which does not apply to § 1983 claims and may not serve as a basis for

liability.  *See Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Social Servs.,* 436 U.S. 658 (1978); *Hill*

*v. Marshall,* 962 F.2d 1209, 1213 (6th Cir. 1992).  "[Section] 1983 liability of supervisory

personnel must be based on more than the right to control employees."  *Bellamy v. Bradley,* 729

F.2d 416, 421 (6th Cir. 1984).  Section 1983 liability is premised on active unconstitutional

behavior and not a mere failure to act.  *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002);

*Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).  The mere fact that Erdos is the warden is

not enough to impose liability under section 1983.

The complaint otherwise fails to state a claim upon which relief may be granted against

defendant Erdos.  Although plaintiff, without factual elaboration, asserts that Erdos knew it was

unsafe for him to be in the K-2 Unit, the complaint fails to allege facts to suggest that Erdos was

deliberately indifferent to a substantial risk of harm.  To state an Eighth Amendment claim

against prison officials based on their failure to protect him from an attack, plaintiff must allege

facts showing that defendants' conduct amounted to "deliberate indifference" to a known risk of

harm to plaintiff.  *Farmer v. Brennan*, 511 U.S. 825, 828 (1994); *see also Vaughn v. Ricketts*,

859 F.2d 736, 741 (9th Cir. 1988) (finding that prison administrator's indifference to brutal

behavior of guards towards inmates is sufficient to state an Eight Amendment claim), *overruled*

*on other grounds by Koch v. Ricketts*, 68 F.3d 1191 (9th Cir. 1995).  A prison official may be

held liable for his failure to protect inmates from attacks only if he knows that an inmate faces "a

substantial risk of serious harm and disregards that risk by failing to take reasonable measures to

abate it."  *Farmer*, 511 U.S. at 847.  Plaintiff's allegations against Erdos in this case do not

plausibly suggest that he was aware that the John Doe defendants posed a known risk of harm to

plaintiff, much less that he was deliberately indifferent to that risk.  Accordingly, defendant Erdos should be dismissed as a defendant to this action.

Finally, to the extent that plaintiff may seek relief in connection with the investigation of his complaints or the grievance process, plaintiff fails to state a claim upon which relief may be granted.  "There is no statutory or common law right, much less a constitutional right, to an investigation." *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007); *see also Daniels v. Lisath*, No. 2:10-cv-968, 2011 WL 2710786, at \*2 (S.D. Ohio July 13, 2011).  Furthermore, to the extent that plaintiff claims that the grievance procedure failed to produce the correct outcome, this cannot give rise to a § 1983 claim because "[p]rison inmates do not have a constitutionally protected right to a grievance procedure." *Miller v. Haines*, No. 97–3416, 1998 WL 476247, at \*1 (6th Cir. Aug.03, 1998) (citations omitted).  Prison officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged [unconstitutional] behavior'" cannot be liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).  Nor does a prison official's alleged failure to adequately investigate claims of misconduct rise to the level of "encouragement" that would make the official liable for such misconduct. *Knop v. Johnson,* 977 F.2d 996, 1014 (6th Cir. 1992); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984).  Therefore, plaintiff has failed to state a claim upon which relief may be granted in connection with the investigation of his complaints or the grievance process.

Accordingly, in sum, plaintiff may proceed in this action with his Eighth Amendment claims against defendants Davis and the unidentified John Doe officers in their individual capacities.  Plaintiff's remaining claims should be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

However, plaintiff has failed to provide summons and U.S. Marshal forms for service.  It is therefore **ORDERED** that plaintiff, **within thirty (30) days** of the date of this Order, submit a

completed summons and U.S. Marshal form for service on defendant Davis.  Once the Court

receives the requested summons and United States Marshal forms, the Court will order service of

process by the United States Marshal.

Before service may be issued upon any remaining John Doe defendants, plaintiff must

file a motion to issue service setting forth the identities of the unidentified defendants.  Plaintiff

is therefore **ORDERED** to file a motion to issue service, including United States Marshal and

summons forms, if and when plaintiff discovers the identity of the unnamed defendants

through discovery.  Plaintiff is advised that no service will be issued on the unnamed

defendants unless plaintiff complies with this Order.

### IT IS THEREFORE RECOMMENDED THAT:

The complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)

and 1915A(b)(1), with the exception of plaintiff's Eighth Amendment claims against defendant

Davis and the unidentified John Doe officers in their individual capacities.

> _s/ Stephanie K. Bowman_
> Stephanie K. Bowman
> United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JERMEAL WHITE,                                       Case No. 1:19-cv-1007
     Plaintiff,

                                           Dlott, J.
     vs.                                            Bowman, M.J.

WARDEN R. ERDOS, et. al,
     Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of

the recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations.  This period may be extended further by the Court on

timely motion for an extension.  Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections.  If the Report

and Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs.  A party may respond to another party's objections

**WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in

accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).