# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

JERMEAL WHITE,                          Case No. 1:19-cv-1007

     Plaintiff,

                                      Dlott, J.

     vs                                  Bowman, M.J.

WARDEN RON ERDOS, et al.,

     Defendants.

## REPORT AND RECOMMENDATION

This civil action is now before the court on Defendant Cynthia Davis' motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc.18) and the parties' responsive memoranda. (Docs. 20, 21).

### I. Background and Facts

Plaintiff alleges that on August 17, 2019, he was an inmate at SOCF. (Doc. 1, PageID # 2). Plaintiff claims that on August 17, 2019, he was moved from his cell on K-2 with "extreme force" used by Defendants John Doe. Plaintiff alleges Defendant Davis failed to carry out her duties by placing Plaintiff on K-2 when she "knew Plaintiff was not suppose[d] to be on that unit." (Doc. 1, PageID # 8). Plaintiff claims as a result of Defendants John Does' actions he suffered a "snapped" elbow which makes it "hard for him to move." (Doc. 1, PageID # 6).

## II. Analysis

### A.    Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the claims. The court is required to construe the complaint in the light most favorable to the Plaintiff, and accept all well-pleaded factual allegations in the complaint as true. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974) and *Lewis v. ACB Business Services,* 135 F.3d 389, 405 (6th Cir. 1998). A court, however, will not accept conclusions of law or unwarranted inferences which are presented as factual allegations. *Blackburn v. Fisk University,* 443 F.2d 121, 124 (6th Cir. 1974). A complaint must contain either direct or reasonable inferential allegations that support all material elements necessary to sustain a recovery under some viable legal theory. *Lewis v. ACB,* 135 F.3d at 405 (internal citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citations omitted); *Association of Cleveland Fire Fighters v. City of Cleveland, Ohio,* 502 F.3d 545, 548 (6th Cir. 2007). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

*B. Liability Under Section 1983*

To establish a claim under § 1983, two elements are required: (1) conduct committed by a person acting under the color of state law that (2) deprives a plaintiff of rights, privileges, or immunities secured by the Constitution or the laws of the United States. *Gomez v. Toledo*, 446 U.S. 635 (1980); *Sargi v. Kent City Board of Educ.*, 70 F.3d 907, 913 (6th Cir.1995).

To state a §1983 claim, a plaintiff must allege not only that a person acting under color of state law deprived the plaintiff of a right secured by the Constitution or federal law, *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-157 (1978), but also that the defendant is personally responsible for the unconstitutional actions which injured him. *Balderson v. Mohr*, No. 2:12-CV-235, 2012 U.S. Dist. LEXIS 60567, at *2 (S.D. Ohio May 1, 2012); *see also Heyerman v. Cnty. of Calhoun*, 680 F.3d. 642, 647 (6th Cir. 2012) ("Persons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior."); *Murphy v. Grenier*, 406 F. App'x 972 (6th Cir. 2011) ("Personal involvement is necessary to establish section 1983 liability.").

Notably, the collective acts of multiple defendants cannot be ascribed to an individual defendant. Instead, the plaintiff must state a plausible constitutional violation against each defendant. *See Reilly v. Vadlamudi*, No. 11-1251, 2012 U.S. App. LEXIS 10614, at *10 (6th Cir. 2012) (*citing Heyne v. Metro. Nashville Pub. Schs.*, 655 F.3d 556, 564 (6th Cir. 2011)); see also *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009) ("[A] plaintiff must plead that each Government official defendant, through the official's own individual actions, has violated the Constitution."); *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) ("[A] complaint must allege that the defendants were personally involved in the

3

alleged deprivation of federal rights." (citing *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)).

Accordingly, "respondeat superior" or supervisory liability is not cognizable in a § 1983 action. "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.'" *Shehee v. Latrell*, 199 F.3d 295, 300 (6th Cir. 1999), quoting *Hays v. Jefferson Cty., Ky.*, 668 F.2d 869, 874 (6th Cir. 1982). Furthermore, simple awareness followed by the failure to act will not impose liability under § 1983: "[L]iability under § 1983 must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee*, 199 F.3d at 300 (quoting *Salehpour v. University of Tennessee*, 159 F.3d 199, 206 (6th Cir. 1998)).

Here, Defendants' contend that Plaintiff's Complaint is deficient in several ways. First, Plaintiff fails to adequately state a claim upon which relief may be granted against Defendant Cynthia Davis. Plaintiff's claims against all of the named Defendants are vague, and unsupported by any specific factual allegations. As such, Defendant asserts that Plaintiff's claims of alleged deliberate indifference and negligence must fail as a matter of law. Additionally, all of Plaintiff's claims against the Defendant, Cynthia Davis, are based solely on her supervisor position, and because *respondeat superior* is not actionable under 42 U.S.C. §1983, those claims are barred. The undersigned agrees.

As detailed above, it is well established that a supervisory official cannot be held liable under Section 1983 for the actions of subordinates on the basis of a respondeat superior theory. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Monell v. Dep't of*

4

*Soc. Servs. of New York*, 436 U.S. 658, 691-95 (1978). "[T]he § 1983 liability of supervisory personnel must be based on more than the right to control employees. Section 1983 liability will not be imposed solely upon the basis of respondeat superior." *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984) (citing *Hays v. Jefferson Cnty.*, 668 F.2d 869 (6th Cir. 1982)).

"In order to establish liability pursuant to § 1983, the plaintiff must prove that the defendant, as a supervisory official, is personally responsible for the alleged unconstitutional actions that caused his injury." *Mills v. City of Barbourville*, 389 F.3d 568, 580 (6th Cir. 2004). Further, "[s]upervisory liability under § 1983 cannot be based upon a mere failure to act but must be based upon active unconstitutional behavior*." Combs v. Wilkinson*, 315 F.3d 548, 558 (6th Cir. 2002) (citing *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)).

Here, Plaintiff has not made the required showing as to Defendant Davis. Namely, Plaintiff alleged that on August 17, 2019, Defendant Davis failed to carry out her duties by placing Plaintiff on K-2 when she "knew Plaintiff was not suppose[d] to be on that unit." [Doc. 1, PageID # 8]. Plaintiff made no other specific factual allegations against Defendant Davis. [See Doc. 1.] As such, Defendant argues that Plaintiff brings suit against Defendant Davis based merely on her position; he alleges that it was other defendants, John Does, who allegedly caused him harm. Thus, Plaintiff identifies no specific action by Defendant Davis which caused his harm, and brings suit against her based merely on an alleged general failure to prevent his harm.

In light of the foregoing, the undersigned finds that Defendant Bailey's motion to dismiss (Doc. 18) is well-taken and should be granted.

5

### III.    CONCLUSION

In light of the foregoing, **IT IS RECOMMENDED THAT** Defendant's motion to dismiss (Doc. 18) be **GRANTED;** and all claims against Defendant Cynthia Davis be **DISMISSED.**[1]


*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[1] Plaintiff filed an amended complaint on December 4, 2020. The undersigned recognizes that the filing of an amended complaint generally moots a pending motion to dismiss. *Yates v. Applied Performance Techs., Inc.,* 205 F.R.D. 497, 499 (S.D. Ohio 2002). *See also Hartman,* 2007 WL 915193, at *6 (holding that defendants' motions to dismiss the original complaint and the first amended complaint were moot given the subsequent filing of a second amended complaint); *Pethtel v. Washington County Sheriff's Office,* No. 2:06–799, 2007 WL 2359765, at *5 (S.D. Ohio Aug. 16, 2007) ("because an amended complaint supersedes the original complaint, the filing of an amended complaint normally moots a motion to dismiss the original complaint"). Here, however, the amended complaint solely identifies the John Doe Defendants.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JERMEAL WHITE,                                    Case No. 1:19-cv-1007

     Plaintiff,

                                        Dlott, J.
     vs                                        Bowman, M.J.

WARDEN RON ERDOS, et al.,

     Defendants.


**NOTICE**

     Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

7