IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JERMEAL WHITE, | Case No. 1:19-cv-1007 |
| Plaintiff, | Judge Susan J. Dlott |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| RON ERDOS, et al., | |
| Defendants. | |

This matter is before the Court on Objections to the Magistrate Judge's November 30, 2022 Report and Recommendation (Doc. 94) in which she recommended that Plaintiff Jermeal White's Motion for Summary Judgment (Doc. 86) be denied and Defendant Correction Officer Wes Welch's Cross-Motion for Summary Judgment (Doc. 90[1]) be granted. For the reasons that follow, the Magistrate Judge's Report and Recommendation (Doc. 94) will be **ADOPTED.**

## I. BACKGROUND[2]

Jermeal White, a prisoner at the Southern Ohio Correctional Facility ("SOCF") in Lucasville, Ohio filed this pro se 42 U.S.C. § 1983 action on November 25, 2019 alleging violations of his civil rights while in custody. (Docs. 1, 27.) White alleges that on August 17, 2019, Corrections Officers Tyler Parish and Wes Welch used excessive force against him when he was handcuffed and transferred to different cells. (Docs. 1, 27.) Specifically, "Wes Welch and Tyler Parish used extreme for[ce] on Plaintiff for no reason, from the cell of unit K2-1, all

---

[1] Documents 89 and 90 appear to be the same filing. The Court will refer to and cite Document 90.

[2] The facts of this case were previously set forth in the Court's Order Adopting Reports and Recommendations, in which Correction Officer Tyler Parish's Cross-Motion for Summary Judgment was granted. (Doc. 84.) The facts relating to the alleged use of force by Corrections Officer Wes Welch arise from the same cell transfer incident as the alleged use of force by Corrections Officer Tyler Parish, for whom summary judgment was granted. The Court will repeat much of its prior factual recitation herein.

1

the way to the hallway on the walk to segregation" for "no explainable reason." (Doc. 27 at PageID 149.) White claims that "Wes Welch dislocated Plaintiff[']s right elbow, and Tyler Parish assisted Welch in the force by trying to break Plaintiff[']s left elbow and hand for no reason." (*Id.* at PageID 148.) White alleges that he was denied medical attention for his injuries when the nurse checked on him and, after White told her of his injuries, she walked off. (Doc. 1 at PageID 11.) Plaintiff seeks injunctive relief and monetary damages. (*Id.* at PageID 12.)

On March 30, 2022, the Court adopted the Magistrate Judge's Reports and Recommendations in which she recommended denying White's Motion for Summary Judgment against Parish and granting Parish's Cross-Motion for Summary Judgment.[3] (Doc. 84). In ruling, the Court found that no genuine dispute of fact existed whether White's Eighth Amendment rights were violated when he was escorted by Parish and Welch during a cell transfer. (Doc. 84.) The Court found that "White's version of events—that extreme force was used against him for the entirety of his escort, causing his right elbow to snap out of place—is not plausible when considering the contrary video evidence, use of force reports, and medical examination report." (*Id.* at PageID 565.) The Court also found that White failed to carry his burden that qualified immunity would not apply to Parish. (*Id.*) Thus, only the claims against Welch now remain.

On April 26, 2022, White moved for summary judgment against Welch, who assisted Parish in the same cell transfer and allegedly injured White's right elbow during the escort. (Doc. 86.) On June 22, 2022, Welch responded in opposition and filed a Cross-Motion for Summary Judgment. (Docs. 89, 90.) White filed a Response in Opposition on July 5, 2022. (Doc. 91.)

---

[3] The Court also adopted the Magistrate Judge's recommendation that White's pro se Motion for Injunctive Relief be denied. (*Id.*)

2

### A. November 30, 2022 Report and Recommendation

On November 30, 2022, the Magistrate Judge issued a Report and Recommendation recommending that White's Motion for Summary Judgment be denied and Welch's Cross-Motion for Summary Judgment be granted. (Doc. 94.) She found "no evidence that Defendant Welch used excessive force against Plaintiff" and that "[t]o the contrary, the evidence establishes that Plaintiff was cuffed and escorted to another cell without incident." (*Id.* at PageID 677.) The Magistrate Judge found Welch to be entitled to judgment as a matter of law with respect to White's claims under the Eighth Amendment. She considered White's statements that Welch bent and twisted his right wrist and arm and bent his arms and hands all the way up his back with Parish to cause his right elbow to snap out of place. (*See* Doc. 94 at PageID 675; Doc. 58-1; 58-2.) However, she found White's contentions to be unsupported in consideration of the video of the incident and other evidence. (Doc. 94 at PageID 675.) The Magistrate Judge concluded the evidence demonstrates White was escorted in "an unremarkable fashion" and "no force [was] used in this escort." (*Id.* at PageID 675–76.) The Magistrate Judge found White failed to demonstrate a violation of his Constitutional rights, and Welch is entitled to qualified immunity. (*Id.* at PageID 677.)

White objected to the Magistrate Judge's Report and Recommendation (Doc. 95), and Welch filed a Response (Docs. 95, 96). For the reasons that follow, the Court will **OVERRULE** White's Objections and **ADOPT** the Report and Recommendation (Doc. 94).

### II. STANDARD OF REVIEW

#### A. Rule 72(b)

Magistrate judges are authorized to decide dispositive and non-dispositive matters pursuant to 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. Pursuant to

3

Rule 72(b)(2), a party may file "specific written objections to the proposed findings and recommendations" of a magistrate judge. The district judge must conduct a *de novo* review "of any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). "The district court need not provide *de novo* review where the objections are frivolous, conclusive or general." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (cleaned up)).

"A party's objection should be specific, identify the issues of contention, and 'be clear enough to enable the district court to discern those issues that are dispositive and contentious.'" *Chapple v. Franklin Cnty. Sheriff's Officers FCCC 1 & 2*, No. 2:21-cv-05086, 2022 WL 16734656, at *2 (S.D. Ohio Nov. 7, 2022) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). "When a pleader fails to raise specific issues, the district court will consider this to be 'a general objection to the entirety of the magistrate report[, which] has the same effects as would a failure to object.'" *Id.* (quoting *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

### B. Rule 56

Federal Rule of Civil Procedure 56 governs motions for summary judgment. Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant has the burden of showing that no genuine issues of material fact are in dispute. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–587 (1986); *Provenzano v. LCI Holdings, Inc.*, 663 F.3d 806, 811 (6th Cir. 2011). The movant may support a motion for summary judgment with affidavits or other proof or by exposing the lack of evidence on an issue for which the nonmoving party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317,

4

322–24 (1986). In responding to a summary judgment motion, the nonmoving party may not rest upon the pleadings but must "present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

A court's task is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. "[F]acts must be viewed in the light most favorable to the nonmoving party *only* if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (emphasis added); *see also E.E.O.C. v. Ford Motor Co.*, 782 F.3d 753, 760 (6th Cir. 2015) (*en banc*) (quoting *Scott*). A genuine issue for trial exists when there is sufficient "evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252; *see also Shreve v. Franklin Cnty., Ohio*, 743 F.3d 126, 132 (6th Cir. 2014) ("A dispute is 'genuine' only if based on *evidence* upon which a reasonable jury could return a verdict in favor of the non-moving party.") (emphasis in original) (citation omitted). "Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). Finally, when cross motions for summary judgment have been filed, "the court must consider each motion separately on its merits, since each party, as a movant for summary judgment, bears the burden to establish both the nonexistence of genuine issues of material fact and that party's entitlement to judgment as a matter of law." *In re Morgeson*, 371 B.R. 798, 800–801 (B.A.P. 6th Cir. 2007).

## III. ANALYSIS

White objects to the Magistrate Judge's Report and Recommendation, but his arguments are general and lack specificity. He contends that the Magistrate Judge "did not address the facts

5

and evidence, and law" and references Ohio Administrative Code § 5120-9-02 as well as his statement and exhibits attached to his motion. (Doc. 95 at PageID 683–84.) He argues that it is only "fair and just" for the Court to conclude that "Defendant['s] motion for summary judgment is wholly untruthful, and wrong in light of OAC. 5120-9-02 at the least." (*Id.* at PageID 684.)

White does not specify how his statement, exhibits, or Ohio Admin. Code § 5120-9-20 support his position. Ohio Administrative Code § 5120-9-20 is entitled "Use of force report and investigation" and governs the procedure following a reported use of force for the Ohio Rehabilitation and Correction Department. White seems to argue that the fact that a use of force report was prepared necessarily demonstrates a Constitutional violation. He does not cite any law that supports this broad position.

Further, although he references his statement and evidence, the Magistrate Judge carefully considered all evidence as did the Undersigned. In her November 30, 2022 Report and Recommendation, the Magistrate Judge reviewed the same evidence the Court considered when it evaluated summary judgment against Parish. The Undersigned reviewed this evidence again in consideration of White's Objections, which includes the video of the escort of White to two different cells (Doc. 58-1), Ohio Department of Rehabilitation and Correction, Deputy Warden of Operations Review of Use of Force file (Doc. 58-3), and Reports and Medical Exam Reports (Doc. 58-3). As compared to when he sought summary judgment against Parish, the only evidentiary difference is that White now cites his own brief and his own new statement. (*See* Docs. 85, 86.) The contents of his brief and statement are fairly similar to his other statements and assert that "Defendant Welch and Parish bent [his] arms and hands all the way back up [his] back for no reason" and that his "right elbow was indeed snapped out of place." (Doc. 85 at PageID 582.) White also asserts he told the nurse that he was "not good" following the cell

6

transfer and explained his injuries. (*Id.*) In her review of this evidence, and most notably, the video of the incident, the Magistrate Judge concluded that White failed to establish a violation of his Eighth Amendment rights by Corrections Officer Welch as the video shows an unremarkable cell transfer. (Doc. 94 at PageID 676.) The Undersigned agrees.

Although White disagrees with the Magistrate Judge, he fails to cite any portion of the Report and Recommendation to identify the portion of the ruling he finds problematic or how Ohio Administrative Code § 5120-9-02 supports his position. The Court is mindful that this is a pro se action, but parties have "the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Mira*, 806 F.2d at 637 (quoting *Nettles*, 677 F.2d at 410). Because White's objections are not specific and do not identify the issues of contention, they are are not clear enough for the Court to review any particular portion of the record for the issue of concern that White views as dispositive. Nonetheless, the Court has reviewed the entire record and agrees with the Magistrate Judge's conclusions. White's objections are **OVERRULED.** *See Chapple*, 2022 WL 16734656, at *4 (dismissing prisoner's second and tenth objections as general objections where they did not state with specificity why the Court should review the Magistrate Judge's recommendation or pinpoint any legal arguments that are off the mark).

### IV. CONCLUSION

For the reasons set forth herein, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation that White's Motion for Summary Judgment be denied, Defendant Welch's

Cross-Motion for Summary Judgment be granted, and White's claims against Defendant Welch be terminated (Doc. 94).

**IT IS SO ORDERED.**

Dated: 3/23/2023

_Susan J. Dlott_
Judge Susan J. Dlott
United States District Court